[Cite as *Siekfer v. Ohio Dept. of Transp.*, 2010-Ohio-1949.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CORY SIEFKER, et al.

Plaintiffs

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2009-06451-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}   Plaintiffs, Cory Siefker and Meg Buzzi, filed this action alleging their 1997 Honda CR-V was damaged as a proximate cause of negligence on the part of defendant, Department of Transportation (ODOT), in maintaining an overpass bridge spanning Interstate 71 in Columbus.  Plaintiffs pointed out they were traveling north on Interstate 71 at approximately 9:45 a.m. on July 7, 2009, when the particular damage incident occurred.  Plaintiffs related "[a]s we passed under the 11th Street overpass, water and debris fell from the overpass and struck the front windshield of our 1997 Honda CR-V."  Plaintiffs exited Interstate 71 at the 17th Street exit and discovered the windshield of the vehicle "was partially shattered and cracked."  Plaintiffs filed this complaint seeking to recover $255.47, an amount representing the replacement cost of a windshield, plus the $25.00 filing fee.  The filing fee was paid.

{¶ 2}   Defendant filed an investigation report explaining that ODOT maintains Interstate 71 through Columbus with the City of Columbus bearing the maintenance responsibility for the 11th Street overpass bridge spanning Interstate 71.  Essentially, defendant contended ODOT is not the proper party defendant in this action due to the

fact the City of Columbus maintains all the overpass bridges spanning Interstate 71 within the city limits.

{¶ 3} Plaintiffs did not file a response. The origin site of the damage-causing condition was located within the City of Columbus. The proper party defendant in this action is the City of Columbus.

{¶ 4} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶ 5} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 6} The site of the damage-causing incident was not the maintenance responsibility of defendant. Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CORY SIEFKER, et al.

    Plaintiffs

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2009-06451-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth above, plaintiffs' case is DISMISSED.  Court costs are assessed against plaintiffs.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Cory Siefker
Meg Buzzi
2392 N. 4th Street
Columbus, Ohio  43202

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
12/29
Filed 1/7/10
Sent to S.C. reporter 4/30/10